**Domonique MCCOY, Petitioner,**

**v.**

**DEPARTMENT OF THE NAVY, Respondent.**

**No. 04–3120.**

United States Court of Appeals, Federal Circuit.

DECIDED: June 16, 2004.

Before MICHEL, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

This is an appeal from a decision of the Merit Systems Protection Board ("the Board") affirming the Navy's decision to remove the appellant, Domonique McCoy, from her position as Office Automation Assistant, GS–326–06, for physical inability to perform the essential functions of her position. *McCoy v. Dep't of the Navy,* No. SF0752020112–I–1, 94 M.S.P.R. 696 (M.S.P.B. Oct.17, 2003). The appellant argues that an alleged failure by the Navy to "properly serve" the notices of proposed removal that she was sent on September 24, 2001 and September 25, 2001 constituted harmful procedural error. Because we find that there was no harmful procedural error that would have worked a prejudice against the appellant in this case, we *affirm.*

## BACKGROUND

The appellant was employed by the Navy as an Office Automation Assistant prior to her removal on November 9, 2001. In February of 1999, the appellant suffered an on-the-job injury while working for the Navy. By March 16, 2001, she had become unable to perform the duties of her Office Automation Assistant position and ceased reporting for work. Her estimated return date to the Navy was subsequently extended four times over the next several months.

On September 24, 2001, the Navy sent the appellant a letter proposing her separation from her position as Office Automation Assistant for inability to perform the essential duties of her position. The notice included statements informing the appellant that the Navy was unable to restructure her position to accommodate her need for light-duty part-time work because the Office Automation Assistant required a full-time employee. The notice also informed her that there were no vacancies for positions to which she could be reassigned. In addition, the letter afforded

the appellant an opportunity to respond to it within a ten-day period.

One day later, the Navy sent the appellant another notice of proposed separation. This second notice was identical to the first except for a change in the name of the proposing official.

The appellant acknowledged receiving the first notice of proposed separation on September 29, 2001. The appellant acknowledged receiving this second notice on October 29, 2001. In the end, she responded to neither the first nor the second notice. The Navy informed the appellant that she would be separated from her position on November 9, 2001.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The appellant bears the burden of showing reversible error in the Board's decision. *Harris v. Dep't of Vet. Affairs,* 142 F.3d 1463, 1467 (Fed.Cir.1998). We are required to set aside any Board determination that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

A decision of an agency can be overturned for harmful error "only if [the agency's failure to follow procedure] might have affected the result of the agency's decision." *Cornelius v. Nutt,* 472 U.S. 648, 659, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985).

The appellant's sole argument in this appeal is that she was not "properly served" the notices of proposed separation that were sent to her on September 24, 2001 and September 25, 2001.

After careful evaluation of the Navy's stated rationale for separating the appellant from her position, the administrative judge found that: (1) the Navy showed that the appellant was unable to perform the duties of her position, (2) the Navy's action promoted the efficiency of the service and the penalty of removal was reasonable, and (3) the appellant failed to show that the Navy committed harmful procedural error. *McCoy v. Dep't of the Navy,* No. SF0752020112–I–1, slip op. at 4–7 (M.S.P.B. Mar.21, 2002). We agree with the administrative judge.

The appellant, like all employees covered by 5 U.S.C. § 7513(b)(1), was owed an opportunity to respond to any proposed job separation action by the Navy. Section 7513 of Title 5 states, in relevant part, that the Navy is required to give "at least 30 days' advance written notice" to "an employee against whom an action is proposed." 5 U.S.C. § 7513(b)(1). That notice must state "the specific reasons for the proposed action." *Id.* Further, the appellant was entitled to a "reasonable time, but not less than 7 days, to answer orally and in writing." 5 U.S.C. § 7513(b)(2).

There is no dispute that the appellant actually received the first notice of her proposed separation on September 29, 2001—more than thirty days before her eventual separation from her position. The appellant also concedes that she received the second notice of the proposed termination on October 29, 2001. Both notices stated, with specificity, the reasons for the proposed separation. And both notices gave the appellant ten days to respond to them. The appellant could have responded to the proposed separation notices but chose not to. She did, however, take advantage of various opportunities to submit medical records and documents to the Navy during that period. Based on these records and documents, the Navy determined that the appellant was unable

to perform her duties as Office Automation Assistant.

There is no indication that any alleged failure to follow procedure might have affected the Navy's decision to separate the appellant from her position. Furthermore, the appellant was given ample opportunity to respond to the Navy's two notices of separation but did not do so. Accordingly, the decision of the Board is affirmed.